UNITED STATES of America, Plaintiff–Appellee,

v.

Jose RAMIREZ–HAREO, also known as Jose Ilario Ramirez, Defendant–Appellant.

No. 03–41290

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

April 21, 2004.

Mitchel Neurock, US Attorney's Office, Laredo, TX, James Lee Turner, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Norman E. McInnis, Assistant Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Jose Ramirez–Hareo appeals his conviction and sentence for being an alien unlawfully found in the United States after deportation after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b). For the first time on appeal, Ramirez–Hareo argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony

---

or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt.

Ramirez–Hareo acknowledges that his arguments are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he wishes to preserve the issues for Supreme Court review in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). Thus, we must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted).

Accordingly, Ramirez–Hareo's arguments are foreclosed, and his conviction and sentence are AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.